NATIONAL LIFE & ACCIDENT INS. CO. *v.* WILLIAMS.

(Division A. March 6, 1933. Suggestion of Error Overruled April 3, 1933.)

[146 So. 455. No. 30475.]

Lester G. Fant, Sr. and Jr., of Holly Springs, for appellant.

**Hindman Doxey**, of Holly Springs, for appellee.

Argued orally by **Lester G. Fant, Jr.**, for appellant, and by **Hindman Doxey**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee instituted this suit in the circuit court of Marshall county, against the National Life & Accident Insurance Company, upon an insurance policy on the life of her son, Roderick Williams, now deceased. To the declaration the defendant insurance company filed a plea of the general issue, with notice thereunder of an accord and satisfaction, and the execution by the appellee of the following release:

"$8.25                                        9—25—1929

"Received of W. B. Stark, Superintendent at Grenada, Miss., for the National Life & Accident Insurance Company, $8.25 Dollars return premium on Policies No. E9403401, insuring Roderick Williams which amount is accepted in full settlement and satisfaction of all claims under said policies, which are hereby surrendered to said Company for the following reasons: Impaired Risk at Time of Issue of Policy due to Injury two years ago.

"[Signed] Julia Williams.

"Witnessed:

"F. P. White

"W. B. Stark, Mgr."

The defendant company, appellee here, also gave notice that it would offer evidence to prove that the cause of the death of the insured was an injury received in an automobile accident some months prior to the issuance of the policy, and that it would rely in defense on the following provision of the policy: "No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premiums hereon shall be returned."

To the defense so set forth, the appellee filed an answer or reply averring that the said release was without con-

sideration, and was procured by misrepresentations, fraud, and duress, and was therefore invalid; and that the insured was in sound health at the time of the issuance of the policy sued on. At the conclusion of the evidence, the court excluded the said release on the ground that it was not supported by any consideration, but submitted the cause to the jury upon the issue as to whether or not the insured was in sound health, within the meaning of the policy, at the date of its issuance and delivery. Upon this issue, the jury found in favor of the appellee for the face of the policy less the sum of eight dollars and twenty-five cents, premiums returned at the time of the execution of the purported release; and from the judgment entered on this verdict, the insurance company prosecuted this appeal.

The principal question presented by this appeal is: Whether or not the return of premiums paid, amounting to eight dollars and twenty-five cents, on the theory that the appellant assumed no obligation on the policy because the insured was not in sound health on the date thereof, constituted a consideration for the execution of the release by the appellee. We are of the opinion that it did not. This sum was not paid in settlement of any disputed amount or liability, or in settlement of any liability by the payment of a less sum than due or claimed. It was merely the return of that which belonged to the appellee, if the theory advanced by the appellant and accepted by the appellee at the time of the execution of the release was correct. There was no purported settlement of any liability under the policy, but only a return of premiums on the theory that the appellant never assumed the risk, and the policy was never in force and effect. According to its own contention, which was accepted and acted upon by the appellee in executing the release, the appellant parted with nothing of its own which constituted a consideration for the release, and, in our opinion, the court below committed no error in excluding it.

The appellant next assigns as error the refusal of the court below to grant the peremptory instruction requested by it, and also complains of alleged errors in certain instructions granted to the appellee defining "sound health" within the meaning of the provisions of the policy. The proof is to the effect that some two years prior to his death, the insured was in an automobile accident in which he suffered a slight bruise on his leg. This bruise did not interfere in any way with his daily labor or cause him any particular inconvenience, and he continued thereafter to be in apparent good health until February, 1929, about five months after the issuance of the policy, when, for the first time, he complained of pains in his legs. Upon consulting a physician, it was then for the first time discovered that there was a small knot on his leg, which the physician diagnosed as malignant sarcoma. This sarcoma developed rapidly thereafter, and, in the following September, caused the death of the insured.

The only testimony tending to show that the insured was not in sound health at the time of the issuance of the policy was that of the appellee's witness Dr. N. G. Gholson, the physician who discovered the sarcoma and thereafter occasionally visited the insured until his death the following September. He testified that sarcoma is usually caused by an injury, but it is not a frequent result of injury. He further testified that these tumors sometimes develop slowly and sometimes very rapidly; that the particular tumor developed very rapidly after he discovered it in February, 1929; and that he was unable to say that it existed when the policy was issued. A few days after the death of the insured, this witness signed a report to the insurance company in reference to the death of the insured, and, on his cross-examination, he was examined in reference to this report, which appears to have been introduced in evidence as an exhibit to his testimony, but is not copied in the record before us. By question which

required the witness to read certain answers to questions appearing on this report, it appears that the witness entered the following notations on this report: "Duration; from present knowledge and belief, one year." "Contributing cause; struck by an automobile about a year ago." All the other testimony bearing upon this issue is to the effect that prior to about February, 1929, the insured was in apparent sound health, and that the tumor had not become manifest or active to the extent that the insured had any knowledge of any infirmity; and we think the evidence in its entirety is not sufficient to support a finding that the insured was not in sound health at the time of the issuance of the policy, and is too uncertain and indefinite to authorize or require the submission of that question to the jury. The appellee requested a peremptory instruction directing the jury to return a verdict in her favor for the face amount of the policy, less the premiums returned; and we think this instruction should have been granted. The verdict returned accomplished this result, and this being true, the errors, if any, in the appellee's instructions were immaterial.

The judgment of the court below will, therefore, be affirmed.